COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Western District)

CASE NO. 05-30107-KPN

| | |
|---|---|
| COXCOM, INC. dba COX COMMUNICATIONS NEW ENGLAND, Plaintiff | ) ) ) ) ) DEFENDANT'S |
| V. | ) ANSWER ) |
| BILL LANGLOIS, Defendant | ) ) ) |

NOW COMES the Defendant, BILL LANGLOIS, and answers the Plaintiff's Complaint as follows:

(1)   The Defendant denies the allegations as contained in Paragraph 1 of Plaintiff's Complaint.

(2)   The Defendant denies the allegations as contained in Paragraph 2 of Plaintiff's Complaint.

(3)   The Defendant lacks knowledge of the allegations as contained in Paragraph 3 of Plaintiff's Complaint.

(4)   The Defendant admits the allegations as contained in Paragraph 4 of Plaintiff's Complaint.

(5)   The Defendant lacks knowledge of the allegations as contained in Paragraph 5 of Plaintiff's Complaint.

(6)   The Defendant denies the allegations as contained in Paragraph 6 of Plaintiff's Complaint.

(7)   The Defendant lacks knowledge of the allegations as contained in Paragraph 7 of Plaintiff's Complaint.

(8)   The Defendant lacks knowledge of the allegations as contained in Paragraph 8 of Plaintiff's Complaint.

(9)   The Defendant admits the allegations as contained in Paragraph 9 of Plaintiff's Complaint.

(10) The Defendant lacks knowledge of the allegations as contained in Paragraph 10 of Plaintiff's Complaint.

(11) The Defendant lacks knowledge of the allegations as contained in Paragraph 11 of Plaintiff's Complaint.

(12) The Defendant admits that he received a descrambling device, but denies that it was "black market" as alleged in Paragraph 12 of Plaintiff's Complaint.

(13) The Defendant lacks knowledge of the allegations as contained in Paragraph 13 of Plaintiff's Complaint.

(14) The Defendant admits the allegations as contained in Paragraph 14 of Plaintiff's Complaint.

(15) The Defendant denies the allegations as contained in Paragraph 15 of Plaintiff's Complaint.

(16) The Defendant denies the allegations as contained in Paragraph 16 of Plaintiff's Complaint.

(17) The Defendant repeats and incorporates by reference the answers to Paragraphs 1 through 16 above.

(18) The Defendant denies the allegations as contained in Paragraph 18 of Plaintiff's Complaint.

(19) The Defendant denies the allegations as contained in Paragraph 19 of Plaintiff's Complaint.

(20) The Defendant lacks knowledge of the allegations as contained in Paragraph 20 of Plaintiff's Complaint.

(21) The Defendant denies the allegations as contained in Paragraph 21 of Plaintiff's Complaint.

(22) The Defendant denies the allegations as contained in Paragraph 22 of Plaintiff's Complaint.

(23) The Defendant denies the allegations as contained in Paragraph 23 of Plaintiff's Complaint.

(24) The Defendant repeats and incorporates by reference the answers to Paragraphs 1 through 23 above.

(25)  The Defendant denies the allegations as contained in Paragraph 25 of Plaintiff's Complaint.

(26)  The Defendant denies the allegations as contained in Paragraph 26 of Plaintiff's Complaint.

*FURTHER ANSWERING*, the Defendant states that while he was in possession of a purported descrambling device, that he never utilized the same to intercept the Plaintiff's signals, that on the day said device was surrendered to Plaintiff, that Plaintiff's employees showed up without advance notice at Defendant's door and asked whether he had such a device; that Defendant stated "yes" and invited Plaintiff's employees into his house, retrieved the device, which was **not** connected to any television in Defendant's house in full view of Plaintiff's employees, and gave same to said employees. Defendant further states that the Plaintiff is over-reaching and attempting to enrich itself at Defendant's expense.

WHEREFORE, the Defendant prays that Plaintiff's Complaint be dismissed, with costs to Defendant.

*/s/ Bill Langlois*
BILL LANGLOIS
158 STURBRIDGE ROAD
HOLLAND, MASSACHUSETTS 01521


CERTIFICATE OF SERVICE

I, BILL LANGLOIS, the within-named Defendant, hereby certify that I have this day sent via first-class mail, postage prepaid, a copy of the foregoing Defendant's Answer, to Plaintiff, addressed as follows: John M. McLaughlin, McLAUGHLIN SACKS, LLC, 31 Trumbull Road, Northampton, MA 01060.

Date: May 23, 2005

*/s/ Bill Langlois*
BILL LANGLOIS
158 STURBRIDGE ROAD
HOLLAND, MASSACHUSETTS 01521